DANIEL A. McCOOL, Respondent, *v.* CONRAD BOLLER, Appellant.

*Order of publication of summons — requisites of — Code of Civil Procedure, § 440.*

An order for publication of a summons, after reciting that it appeared from the affidavits that the party to be served was a necessary party defendant, that he could not after due diligence be found within the State, but had departed therefrom, and that his present place of residence could not, after such diligence used, be ascertained, directed that the summons be served upon him by publication thereof in two papers therein specified, once in each week for six successive weeks, and by mailing copies of said *summons and complaint*, properly inclosed in a sealed wrapper, addressed to said defendant at his last place of residence, West Eighty-third street, near Eighth avenue, in New York, said publication and mailing to be commenced within three months from the date. *Held*, that the order was void, because (1) it did not require a copy of the *order*, as well as of the summons and complaint, to be served; (2) because it did not specify the post office in which they were to be deposited; (3) because it did not require them to be mailed on or before the day of the first publication.

Appeal from an order denying defendant's motion to vacate an order of publication.

*Albert S. Cruikshank*, for the appellant.

*R. Gugenheimer*, for the respondent.

Brady, J.:

The order of publication is as follows: Upon reading and filing the annexed affidavits of Randolph Gugenheimer, Samuel Untemeyer and Morris Steinert, and upon the complaint duly filed in the office of the clerk of this court, a copy whereof is hereto annexed; and, it appearing to my satisfaction thereby, that Conrad Boller is a necessary party defendant to this action, and cannot, after due diligence, be found within this State, but has departed therefrom, and that his present place of residence cannot, after such diligence used, be ascertained: Now, on motion of Randolph Gugenheimer, plaintiff's attorney, it is ordered that the summons in this action, a copy of which is hereto annexed, be served upon said defendant, Conrad Boller, by publication thereof, in the Daily

Register and New York Herald, two newspapers published in the city and county of New York, once in each week, for six successive weeks, and by mailing copies of said summons and complaint properly enclosed in a sealed wrapper, addressed to said defendant at his last place of residence, West Eighty-third street, near Eighth avenue, in the city of New York, the postage thereon being fully prepaid, said publication and mailing to be commenced within three months from the date hereof. And it is further ordered that, at the expiration of said time the summons herein be deemed to have been served upon said defendant. It does not distinctly appear upon what ground the order of publication was granted, but from a statement made in the respondent's points, it seems that the defendant who was implicated in certain political frauds, suddenly disappeared from this State about a year ago, leaving numerous creditors, and that no information as to his whereabouts could be obtained. In such a case an order of publication may be obtained under the second subdivision of section 438, of the Code of Civil Procedure, which provides as follows: " Where the defendant being a resident of the State, has departed therefrom, with intent to defraud his creditors, or to evade the service of a summons, or keeps himself concealed therein with like intent, an order directing the service of a summons without the State, or by publication, may be made."

Section 440 of the Code mentioned, declares that " the order of publication must contain a direction that on or before the day of the first publication the plaintiff deposit, in a specified post office, one or more sets of copies of the summons, complaint and order, each contained in a securely closed, post-paid wrapper, directed to the defendant at a place specified in the order, or a statement that the judge, being satisfied by the affidavits upon which the order was granted that the plaintiff can not with reasonable diligence ascertain a place or places where the defendant would probably receive matter transmitted through the post office, dispenses with the deposit of any papers therein." It will be perceived, on examination of the order granted herein, that there is no post office specified, and that the deposit to be made is not by direction to be made on or before the day of the first publication, but within three months from the date of the order. It will also be per-

ceived that it contains no direction to serve a copy of the order of publication, which is required by section 440 (*supra*). Indeed, it is apparent that the attorney for the plaintiff has mingled two proceedings, namely : proceeding for a substituted service, and one for publication under the section referred to. The order entered complies with neither of the requisites of these proceedings, and is therefore irregular and void.

The defendant having disappeared from the State, and the case being one within subdivision two already mentioned, the order should contain a direction in reference to the service at a specified post office, or a statement that the judge was satisfied by the affidavits upon which the order was granted that the plaintiff could not with reasonable diligence ascertain where the defendant would probably receive matter transmitted through the post office. It contains neither.

We think the order was erroneous and void, on the authority of *Tousley* v. *McDonald* (32 Barb., 604); *Warren* v. *Tiffany* (17 How., 107); *Hyatt* v. *Wagenright* (18 How., 248.)

The order should be reversed.

Davis, P. J., and Ingalls, J., concurred.

Order reversed.